## No. 4978.

### Mrs. P. Boe *v.* E. Filleul, Testamentary Executor.

Oral evidence was properly admitted to show the relationship of two witnesses and of plaintiff to her deceased uncle, whose will she wishes to be declared null and inoperative, and the disappearance of plaintiff's father and his age.

Under this proof the presumption arises that plaintiff's father is alive; and there being no proof of his death, the plaintiff can not represent him, nor accept and claim through him the succession of her deceased uncle. She is therefore without capacity or interest to attack the will of the deceased.

APPEAL from the Parish Court, parish of St. Charles. *Durapau*, J. *E. Bermudez*, for plaintiff and appellant. *Brieugne*, for defendant and appellee. *O. F. Claiborne*, for absent heirs.

Howell, J. The plaintiff seeks to be appointed administratrix of her uncle's estate. Subsequent to her application a document purporting to be the last will of the deceased, having been probated and ordered to be executed, she asks that it be declared inoperative and null, and that she be appointed administratrix and entitled to one-fourth of the succession, as sole issue and representative of her father, on the grounds:

*First*—Because the universal legatees died before the testator.

*Second*—Because the particular legacy of the sum of $———is a nullity.

*Third*—Because the testamentary dispositions having lapsed, and there being no debts of the deceased, the appointment of an executor became inoperative.

The defendant, who is the executor, excepted to plaintiff's petition on the ground, among others, that the plaintiff is without capacity and without interest to attack the will. She is neither a legal nor

testamentary heir of the deceased, called to his inheritance by the happening of his death.

On the trial of the exceptions, oral evidence was properly admitted to show the relationship of two witnesses and plaintiff to the deceased and the disappearance of the father of the plaintiff for many years, and his age. . Under this proof the presumption arises that plaintiff's father is alive, and there being no proof of his death the plaintiff can not represent him nor accept or claim through him the succession of her deceased uncle. R. C. C. 70, 76, 899, 978, 979, 905, 390, 120, 476.

She is therefore without capacity or interest to attack the will of the deceased.

Judgment affirmed.

Rehearing refused.